Dear Mr. Skinner:
You have requested an opinion of the Attorney General regarding the collection of sales and use taxes in Vernon Parish, and the authority to hire an auditing firm in connection therewith.
You state that in March, 1992, all taxing authorities in Vernon Parish agreed that the Vernon Parish School Board (Board) would act as tax collector for said taxing authorities. This action was taken as a result of the constitutional mandate set forth in Article VII, Section 3 of the Louisiana Constitution of 1974. Subsequently, the Board engaged an auditing firm to detect dealers who were not paying the proper amount of sales and use tax.
You first ask whether the Board, in its capacity as the single tax collector, has the sole authority to enter into the above-described agreement with the auditing firm.
Article VII, Section 3(B)(1) provides:
 "(B)(1) Notwithstanding any contrary provision of this constitution, sales and use taxes levied by political subdivisions shall be collected by a single collector for each parish. On or before July 1, 1992, all political subdivisions within each parish which levy a sales and use tax shall agree between and among themselves to provide for the collection of such taxes by a single collector or a central collection commission. The legislature, by general law, shall provide for the collection of sales and use taxes, levied by political subdivisions, by a central collection commission in those parishes where a single collector or a central collection commission has not been established by July 1, 1992."
The issue of hiring tax auditors by a taxing body has been previously addressed by this office. In Attorney General Opinion No. 82-157 this office opined that a school board could retain an independent auditor to assist the sales tax collector in auditing tax recalcitrant dealers. This opinion was reaffirmed in Opinion No. 82-728.
The constitutional provision quoted hereinabove mandates a single collector for each parish. It does not address the issue of the authority of the collector and/or the various tax recipient bodies to hire independent auditors to determine whether additional taxes are due.
We find no constitutional or statutory provisions which vest solely in the collector the authority to engage an auditor. In the absence of said restrictive language, we believe tax recipient bodies have the right, independent from the collector, to engage auditors to insure that they are realizing all sales and use tax revenues due them. Attorney General Opinion No. 82-157.
You next ask whether the Vernon Parish Police Jury has the authority to hire its own auditing firm to detect and collect sales taxes due after July 1, 1992. As stated above, it is our opinion that a tax recipient body (e.g., the police jury) may, independent of the collector, engage an auditor to detect sales and use taxes due it. However, the power and authority to collect the sales and use tax lies solely with the collector as per Article VII, Section 3.
Finally, you ask whether the Board, in its capacity as the single tax collector, has sole authority to collect the Vernon Parish Tourism/Recreation Tax levied pursuant to LSA-R.S.33:4574.1. As noted above, Article VII, Section 3 mandates that sales and use taxes be collected by a single collector. The tax authorized by Section 4574.1 does not constitute a sales and use tax, but rather a tax upon the occupancy of hotel and motel rooms, and overnight camping facilities.
Section 4574.1(A)(1)(e) empowers the governing authorities to provide, by ordinance, appropriate rules and regulations for the imposition, collection, and enforcement of the tax. Since Article VII, Section 3 applies only to sales and use taxes, it is our opinion that the Board is not responsible for the collection of the tourism/recreation tax. See Attorney General Opinion No. 92-777, attached for your reference and convenience.
Trusting this adequately responds to your request, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb
Attachment